UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACKENZIE CAUDLE,

       **Plaintiff,**

v.

COOPER'S HAWK INTERMEDIATE HOLDING, LLC.,
d/b/a COOPER'S HAWK TAMPA, LLC.,

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Mackenzie Caudle, by and through their undersigned counsel, hereby bring this action for unpaid minimum wages against Defendant, Coopers Hawk Tampa, LLC., (hereinafter "Defendant"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and Florida's Minimum Wage Act ("FMWA"). In support of her Complaint, Plaintiff states as follows:

### Parties

2.      Plaintiffs reside in Hillsborough County, Florida.

3.      Defendant operates as a restaurant in Hillsborough County, Florida.

4.      Defendant operates as a restaurant doing business as "Cooper's Hawk".

5.      Plaintiff was employed by Defendant as a server.

6.      Defendant directly hired Plaintiff as server for Defendant.

7.      Defendant managed Plaintiff's daily tasks and assignments.

8.      Defendant supervised Plaintiff and created Plaintiff's work schedules.

9.      Defendant determined Plaintiff's pay structure and approved Plaintiff's timesheets.

10.     Plaintiff Mackenzie Caudle was employed by Defendant from approximately March 8, 2021, until May 11, 2023.

<u>Jurisdiction</u>

11.     Defendant owns and operates a restaurant in Hillsborough County, Florida.

12.     Defendant hired and supervised Plaintiff in Hillsborough County, Florida.

13.     Defendant employed Plaintiff as a server in its restaurant in Hillsborough County, Florida.

14.     Defendant suffered and permitted Plaintiff to work as a server in Defendant's restaurant in Hillsborough County, Florida.

15.    At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

16.    All events giving rise to this action occurred in Hillsborough County, Florida, Florida.

Facts

17.    Plaintiff was employed by Defendant as a server.

18.    As a server, Plaintiff's duties included greeting diners, taking orders, and carrying meals and beverages to guests.

19.    However, during downtime, Plaintiff was required to clean the restaurant and prepare silverware.

20.    Plaintiff spent 90 minutes or more each day preparing silverware.

21.    Plaintiff was unable to earn a tip from Defendant's guests while she was preparing silverware for Defendant.

22.    Despite Plaintiff's inability to earn a tip while preparing silverware, Defendant paid Plaintiff the tipped minimum wage for all the time Plaintiff spent preparing silverware.

23.    Because Plaintiff could not earn a tip while preparing silverware, Plaintiff was entitled to be paid at least the federal minimum wage; not the lesser "Florida tipped minimum wage."

24.     Because Plaintiff could not earn a tip while preparing silverware, Plaintiff was entitled to be paid at least Florida's minimum wage; not the lesser "Florida tipped minimum wage."

25.     Defendant paid Plaintiff on an hourly basis at the Florida tipped minimum wage.

26.     From Plaintiff's hire on March 8, 2021, until September 29, 2021, Defendant paid Plaintiff Florida's tipped minimum wage of $5.63 per hour for all hours worked.

27.     From September 30, 2021, until September 29, 2022, Defendant paid Plaintiff Florida's tipped minimum wage of $6.98 per hour for all hours worked.

28.     From September 30, 2022, until May 11, 2023, Defendant paid Plaintiff Florida's tipped minimum wage of $7.98 per hour for all hours worked.

29.     From March 8, 2021, until May 11, 2023, the federal minimum wage was $7.25 per hour.

30.     Defendant should not have paid Plaintiff Florida's tipped minimum wage for *all* hours worked and instead should have paid Plaintiff Florida's minimum wage when she worked in a non-tip earning capacity, such as preparing silverware.

31.   Defendant violated the minimum wage provision of the FLSA when Defendant paid Plaintiff $5.63 per hour and $6.98 per hour for the performance of non-tipped work, i.e. preparing silverware, because the hourly rate was less than the federal minimum wage of $7.25 per hour.

32.   Defendant should not have taken a "tip credit" when Plaintiff had no opportunity to earn a tip.

33.    Defendant violated the minimum wage provision of the FMWA when Defendant paid Plaintiff $5.63 per hour, $6.98 per hour, and $7.98 per hour for the performance of non-tipped work, i.e. preparing silverware.

34.   Plaintiff should have been paid Florida's minimum wage when she performed non-tipped work and Defendant should not have taken a "tip credit" when Plaintiff had no opportunity to earn a tip.

35.   Defendant failed to pay Plaintiff appropriate minimum wages during nearly every week of Plaintiff's employment.

36.   At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any minimum exemptions or exceptions.

37.   Plaintiff was entitled to earn at least minimum wages for all hours worked for Defendant.

DocuSign Envelope ID: 62930F24-565B-4444-B944-A82AD842C7F0

38.    Plaintiff was not paid at least the minimum wage for all non-tipped hours worked for Defendant during her employment.

39.    Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

40.    Defendant engaged in an illegal policy of suffering and permitting Plaintiff to perform non-tipped work at a rate significantly below the state or federal minimum wage.

41.    Specifically, Defendant preyed upon Plaintiff, by extracting non-tipped work from her at a discounted rate.

42.    Essentially, Defendant engaged in involuntary servitude of the Plaintiff.

43.    As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of their damages and wage losses under the FLSA.

44.    Plaintiff seeks full compensation, including unpaid wages and unpaid minimum wages, liquidated damages, attorney's fees, and costs because Defendant conduct in refusing to pay Plaintiff at least minimum wages for all non-tipped hours worked was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

45.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

46.    This action is brought under the FLSA to recover from Defendant unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

47.    The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

48.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant, as well as the sheer size of Defendant's restaurant conglomerate, suggests that Defendant is a multi-million-dollar operation that has considerable expertise in the winery and restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including wine, food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

49.     Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

50.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff minimum wages for all non-tipped hours worked during her employment.

51.     Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, timesheets, schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise amount owed to Plaintiff.

52.     However, Plaintiff alleges that she routinely performed 90 consecutive minutes non-tipped work for Defendant at a rate less than the appropriate minimum wage. Plaintiff estimates that in total, she performed 791 hours of non-tipped work at a rate below the minimum wage.

53.     Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

DocuSign Envelope ID: 62970F24-565B-4444-B944-A82AD842C7F0

## COUNT I – FLSA UNPAID MINIMUM WAGES

54.    Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-53, above.

55.    Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

56.    Plaintiff worked for Defendant in Hillsborough County, Florida.

57.    Plaintiff was entitled to be at least minimum wages for all non-tipped hours worked for Defendant.

58.    Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all non-tipped work performed by Plaintiff during her employment.

59.    Plaintiff was damaged by Defendant's refusal to pay Plaintiff minimum wages for all non-tipped work performed by Plaintiff.

60.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages and unpaid minimum wages, liquidated damages, attorney's fees, and costs.

61.    Plaintiff demands a trial by jury.

## COUNT II – FMWA UNPAID MINIMUM WAGES

62.     Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-53, above.

63.     Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

64.     Plaintiff worked for Defendant in Hillsborough County.

65.     Plaintiff was entitled to be paid at least minimum wages for all non-tipped hours worked for Defendant.

66.     Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all non-tipped hours worked during her employment.

67.     Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all non-tipped hours worked for Defendant.

68.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, unpaid wages, liquidated damages, attorney's fees, and costs.

69.     Plaintiff demands a trial by jury.

DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

DATED: _8/7/2023_____

PRINT NAME: _Mackenzie Caudle_____

SIGNATURE: _____

WHEREFORE, Plaintiffs demand judgment against Defendants, including, but not limited to, unpaid minimum wages, liquidated damages, together with costs and attorney's fees pursuant to Florida's Minimum Wage Act and the FLSA, and such other further relief as this Court deems just and proper.

DATED: August 8, 2023

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

11